# F. R. Jackson *v.* Anton Lutz, Trustee, Garnishee, Appellant.

*Attachment execution—Appropriation of money to debt due garnishees.*

Money due on a note payable to defendant held by garnishee as trustee, appropriated, by such garnishee, with the consent of the debtor, to the liquidation of a debt due by defendant to the garnishee, before the service of an attachment execution, constitutes a perfectly legitimate transaction and is a complete defense to the attachment.

Argued May 7, 1897. Appeal, No. 186, April T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1895, No. 918, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Attachment execution. Before STOWE, P. J.

The facts sufficiently appear in the answer of the garnishee, as set out in the opinion of the court.

. Verdict and judgment for plaintiff for $500. Garnishee appealed.

*Error assigned* was giving binding instructions for plaintiff.

*William A. Challener*, with him *Clarence Burleigh*, for appellant.—Waiver is a voluntary relinquishment of some right, a foregoing of some benefit or advantage, which but for such waiver he would have enjoyed. It may be proved by express declarations or by acts and declarations manifesting an intent or purpose not to claim the supposed advantage: Farlow v. Ellis, 81 Mass. 229.

And where all the facts are admitted, the court may instruct the jury as to their sufficiency to establish a waiver: 28 Am. & Eng. Ency. of Law, 536.

To sum up, the appellant contends that the right, if any, of Traut, to object to the application, was a right or privilege personal to Traut alone; that Traut acquiesced in the application and thereby fixed Lutz's right to the fund, and that no other creditor can now be heard to raise an objection which Traut himself refuses to make.

*J. I. Buchanan,* of *Montooth Bros. & Buchanan,* with him *James H. Porte,* for appellee.—In an execution attachment the plaintiff is placed in the position and acquires the rights of his debtor as against the garnishee: Fessler v. Ellis, 40 Pa. 248; Smith v. Brooke, 49 Pa. 147.

That a set-off is not allowable, unless the debts be due in the same right, is firmly established by a host of Pennsylvania authorities too numerous to cite, one of the latest being by this court in the case of Mower v. Assurance Association, 1 Pa. Superior Ct. 170.

An agent or attorney, who, by virtue of special authority, has received money, cannot when sued by his principal set off a debt due to himself in a matter arising out of his agency. By accepting the special trust, he waives the general right of set-off: Tagg v. Bowman, 108 Pa. 273; Peters v. Bank, 86 Tenn. 224; Smuller v. Canal Co., 37 Pa. 68.

An attorney employed to collect a claim, when he has received or collected the money, has no right to set off an antecedent debt or claim in his own right against his client: Simpson v. Pinkerton, 10 W. N. C. 423.

OPINION BY WILLARD, J., July 23, 1897:

This was an attachment in execution wherein F. R. Jackson was plaintiff, William Traut defendant and Anton Lutz garnishee. The attachment in execution was issued upon the judgment of Jackson against Traut to No. 282, June term, 1895, in the court of common pleas, No. 1 of Allegheny county, for $4,800. The attachment in execution was served upon Lutz on May 24, 1895, and upon the defendant on the following day. Interrogatories were filed and served upon Lutz who filed his answer thereto on October 31, 1895. The case was tried in the court below under the plea of nulla bona. The interrogatories and answer of the garnishee thereto were offered in evidence and together with the brief testimony of William Traut furnish all the facts in the case. In answer to the interrogatories the appellant stated under oath that he knew Traut the defendant, that he owed him nothing and had no property of his in his possession, that at the time of the service of the writ there was. no money of the defendant in his hands, and that none had come into his hands since that time. He further answered as

follows : " For further answer to the said interrogatories he says that Anton Lutz, trustee, held a judgment note for $2,000 in trust for the payment of certain promissory notes given by Bauer and Rihs to the D. Lutz & Son Brewing Company for the sum of $1,500 and a certain promissory note made to William Traut by said Bauer and Rihs for the sum of $500, which said note was paid Anton Lutz, trustee. Said Anton Lutz, trustee, paid to D. Lutz & Son Brewing Company the said $1,500, before the service of the writ of attachment in this case upon him. The said William Traut, to whom the said $500 note was made payable, owed Anton Lutz at this time the sum of $10,000, with interest, and the said Anton Lutz, trustee, before the service of the said writ of attachment upon him, appropriated and applied the balance of the said money, to wit: $500, to the payment on account of the interest then and before that time due, and the debt itself, which by the terms of the contract was then due and payable. That the said William Traut is alive, resides within the county and has never objected to the said payment, although he has from the beginning had full knowledge of the matters and things set forth in this answer."

If the money was appropriated by Lutz to the payment of the interest above stated before the service of the attachment in execution, with the knowledge and consent of Traut, the garnishee, we think it was a perfectly legitimate transaction, and, if true, a complete defense to the attachment in execution. The questions of fact involved should have been submitted to the jury, and there was error in directing a verdict for the plaintiff.

The judgment is reversed and a venire facias de novo awarded.